**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DEANDRIES WILKINS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VINITA PARK, CITY OF ST. ANN, CHIEF JOHN BUCHANAN, UNKNOWN SUPERVISOR, UNKNOWN INTAKE MANAGER, AND MARCELLIS BLACKWELL,<br><br>Defendants. | Cause No. 4:26-cv-00848<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Deandries Wilkins, by and through his undersigned counsel, and brings this First Amended Complaint for damages against Defendants City of Vinita Park, City of St. Ann, Chief John Buchanan, Unknown Supervisor, Unknown Intake Manager, and Marcellis Blackwell, and states as follows:

**INTRODUCTION**

1. Defendant Marcellis Blackwell, while a police officer with the North County Police Cooperative controlled by the City of Vinita Park, Missouri, sexually abused at least 19 people after using his authority as a law enforcement officer to detain them. Defendant Blackwell would place his

department-issued handcuffs on his victims to restrain them; use his department-issued vehicle to transport his victims to secluded areas off the most direct path to the police station; fondle his victims' genitals while recording his abuse; and bring many of his victims to the St. Ann Police Department where at least one City of St. Ann employee would routinely violate normal practices and procedures by processing Defendant Blackwell's victims, not jailing the detainees, and placing the detainees back in Defendant Blackwell's custody. Defendant Blackwell even recorded himself sexually abusing his first known victim on his department-issued body-worn camera and uploaded the video to the North County Police Cooperative's storage system for any supervisor to see months before he sexually abused Plaintiff.

2. Despite Defendant Blackwell being on the job for a mere few months prior to sexually abusing his first known victim and recording it on his body-worn camera, Defendants did not assign another officer to regularly work with Defendant Blackwell, check his mileage logs, review his body-camera footage or lack thereof, review his police reports, or intervene in any way when he violated standard practices and procedures in order to isolate himself with his victims. Defendants deliberately failed to supervise Defendant Blackwell or intervene in his dangerous and abusive behavior because they were more interested in expanding the City of Vinita Park and the City of St. Ann's income streams from law enforcement services than in protecting the public.

## PARTIES

3. Plaintiff Deandries Wilkins is and at all relevant times was a resident of St. Louis County in Missouri.

4. Defendant City of Vinita Park is and at all relevant times was a municipal entity in the State of Missouri.

5. Defendant City of Vinita Park is the municipal entity that manages the North County Police Cooperative and is responsible for hiring Cooperative employees, supervising the Cooperative and its employees, setting policies and procedures for the Cooperative, training officers, and establishing the Cooperative's practices and customs.

6. Defendant City of St. Ann is and at all relevant times was a municipal entity in the State of Missouri.

7. Defendant City of St. Ann is the municipal entity that manages the St. Ann jail, which processes and houses individuals detained by the North County Police Cooperative.

8. Defendant Chief John Buchanan is and at all relevant times was the chief of the North County Police Cooperative. Defendant Buchanan is named in his individual capacity.

9. At all times relevant to this case, Defendant Chief John Buchanan was in charge of the operations of the North County Police Cooperative, including being responsible for the hiring of police officers generally, the hiring

of Defendant Officer Blackwell, the supervision of officers, the supervision of Defendant Unknown Supervisor, the supervision of Defendant Officer Blackwell, the training of officers, the assignment of officers, the monitoring of officers' actions while on duty, the reviewing of officers' actions the setting of policies and procedures for the North County Police Cooperative, and the establishment of the Cooperative's practices and customs.

10. Defendant Unknown Supervisor was at all relevant times a police officer employed by the North County Police Cooperative who directly supervised Defendant Marcellis Blackwell. Defendant Unknown Supervisor is named in their individual capacity.

11. At all times relevant to this case, Defendant Unknown Supervisor was Defendant Blackwell's direct supervisor and had responsibilities over the training of officers, assignment of officers, monitoring of officers' actions while on duty, reviewing of officers' actions, setting of policies and procedures for the North County Police Cooperative, and establishment of the Cooperative's practices and customs.

12. Defendant Unknown Intake Manager was at all relevant times employed by the City of St. Ann to process detainees when they were brought to the St. Ann jail following detention by a North County Police Cooperative police officer. Defendant Unknown Intake Manager is named in their individual capacity.

13. At all times relevant to this case, Defendant Unknown Intake Manager had responsibilities over processing detainees in the custody of the North County Police Cooperative and the City of Vinita Park, supervising officers when they brought in detainees, and supervising Defendant Blackwell when he brought in detainees.

14. Defendant Marcellis Blackwell was at all relevant times a police officer employed by the North County Police Cooperative. Defendant Blackwell is named in his individual capacity.

15. Defendants were at all times relevant to this lawsuit residents or governmental entities of the State of Missouri.

## JURISDICTION AND VENUE

16. This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

17. The causes of action for this lawsuit arose in St. Louis County in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

18. The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United States Constitution pursuant to 28 U.S.C. § 1331.

19. The Federal District Court of the Eastern District of Missouri has supplemental jurisdiction over the claim arising under Missouri law pursuant

to 28 U.S.C. § 1367.

20. Venue is appropriate in the Federal District Court of the Eastern District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

### Defendant Blackwell Sexually Abused Plaintiff

21. On or around June 3, 2023, Defendant Blackwell pulled over Plaintiff for a routine traffic stop at the intersection of Natural Bridge Road and Lucas and Hunt Road in St. Louis County, Missouri.

22. An Unknown Sergeant was on scene assisting Defendant Blackwell with the traffic stop.

23. Defendant Blackwell searched Plaintiff's name in a law enforcement database and found outstanding traffic warrants.

24. Defendant Blackwell thereafter placed Plaintiff under arrest and informed Plaintiff that he would be taken to the St. Ann Police Department for booking even though Beverly Hills Precinct, a department within the North County Police Cooperative, was located directly across the street from the site of the arrest.

25. Defendant Blackwell locked Plaintiff in Defendant's police vehicle and transported Plaintiff away from the scene of the arrest.

26. On information and belief, at some point during the arrest, Defendant Blackwell removed his name badge and turned off his body camera.

27. While transporting Plaintiff, Defendant Blackwell told Plaintiff he wished to pull over to adjust Plaintiff's handcuffs without any prompting or complaints from Plaintiff himself.

28. Defendant Blackwell deviated from the direct route to St. Ann Police Department by pulling into the Normandy High School parking lot and parking in an area hidden from public view.

29. When Defendant Blackwell stopped his vehicle, Plaintiff was sitting in the back seat with his hands bound.

30. Defendant Blackwell exited the vehicle and opened the back door nearest to Plaintiff.

31. Defendant Blackwell asked Plaintiff if he would like a cigarette and thereafter lit a cigarette for both him and Plaintiff.

32. Defendant Blackwell asked Plaintiff to exit the vehicle to be searched a second time.

33. Defendant Blackwell took out his cell phone and began recording the interaction with Plaintiff.

34. While Plaintiff was restrained and standing outside of Defendant's vehicle, Defendant Blackwell pulled down Plaintiff's pants and underwear and placed his hand on Plaintiff's genitals. Defendant fondled Plaintiff's genitals without Plaintiff's consent and without a legitimate government purpose.

35. While sexually abusing Plaintiff, Defendant Blackwell made

statements to Plaintiff about whether he liked men and how Defendant Blackwell was touching Plaintiff.

36. Defendant Blackwell held his cellphone with his other hand and pointed the camera towards Plaintiff's penis.

37. On information and belief, Defendant Blackwell was sexually gratified while touching Plaintiff's genitals.

38. Defendant Blackwell dressed Plaintiff and placed Plaintiff back inside the police vehicle.

39. The incident lasted several minutes.

40. After Defendant Officer Blackwell sexually abused Plaintiff, Defendant transported Plaintiff to St. Ann Police Department, removed Plaintiff from the police vehicle, and brought Plaintiff into the police station.

41. Once inside the police station, Defendant Blackwell spoke with Defendant Unknown Intake Manager and told Unknown Intake Manager that Defendant Blackwell had brought Plaintiff to the police station and would now immediately release and transport Plaintiff back to the site of the arrest.

42. On information and belief, Defendant Unknown Intake Manager produced a record that Defendant Blackwell had detained Plaintiff, brought Plaintiff to the police station, and was immediately taking Plaintiff back to the site of the arrest.

43. Defendant Unknown Intake Manager did not attempt to further

question Defendant Blackwell or stop Defendant Blackwell from taking Plaintiff back to the arrest site.

44. Defendant Blackwell then took Plaintiff outside the police station and put Plaintiff back inside Defendant Blackwell's police vehicle.

45. Defendant Blackwell transported Plaintiff back to where he was arrested.

46. On information and belief, Defendant Blackwell sexually abused another individual earlier that morning. Defendant Blackwell kidnapped this other victim, turned off his body-worn camera, sexually abused the victim, brought his victim to the St. Ann jail, requested that Defendant Unknown Intake Manager process the victim without jailing the victim, drove the victim away from St. Ann, and falsified a police report.

47. Defendant Unknown Supervisor and Defendant Unknown Intake Manager failed to properly supervise and manage Defendant Blackwell, allowing him to sexually abuse not one, but two individuals on the same day, and violate department guidelines multiple times in a single shift.

48. Defendant Unknown Intake Manager knew that Defendant Blackwell's actions on June 3, 2023, violated normal practice, were highly irregular, should not have been permitted, and should have been immediately reported to other staff with the St. Ann Police Department and the North County Police Cooperative.

49. Defendant Unknown Intake Manager did not immediately report Defendant Blackwell's actions on June 3, 2023, to other staff with the St. Ann Police Department or the North County Police Cooperative.

50. Defendant Unknown Intake Manager knew that Defendant Blackwell was transporting Plaintiff without the support or accompaniment of another officer.

51. Defendant Unknown Intake Manager knew that placing a detainee like Plaintiff with a lone police officer like Defendant Blackwell carries with it a substantial risk of harm, including the risk of sexual abuse and violence.

52. Defendant Unknown Intake Manager knew that interactions between lone police officers like Defendant Blackwell and individual detainees like Plaintiff required heightened monitoring, reporting, and verification to ensure the safety of the detainee.

53. Defendant Unknown Intake Manager knew that Defendant Blackwell bringing Plaintiff to St. Ann for booking without jailing rather than issuing Plaintiff a ticket without transporting Plaintiff to St. Ann was highly irregular, contrary to standard practice and policy, accomplished no appropriate governmental purpose, and provided Defendant Blackwell with opportunities to isolate himself with Plaintiff while Plaintiff was detained and restrained.

54. Despite this knowledge, Defendant Unknown Intake Manager failed to stop Defendant Blackwell, failed to question Defendant Blackwell, failed to investigate Defendant Blackwell's behavior, and failed to immediately report Defendant Blackwell's behavior to others.

55. Despite this knowledge, Defendant Unknown Intake Manager failed to stop, question, investigate, or report Defendant Blackwell when he previously and repeatedly exhibited the same behavior, both on the same day that Defendant Blackwell sexually abused Plaintiff, and on the many occasions Defendant Blackwell exhibited the same behavior prior to June 3, 2023.

56. On information and belief, Defendant Unknown Intake Manager eventually communicated Defendant Blackwell's suspicious behavior to others with the City of St. Ann and the North County Police Cooperative, but no one took any action to investigate Defendant Blackwell.

57. During the entirety of the interaction between Defendant Blackwell and Plaintiff, Defendant acted under color of state law and used his authority as a police officer to violate Plaintiff's civil rights.

58. As a result of Defendant Blackwell's sexual abuse, Plaintiff suffered physical and emotional distress.

59. Since Defendant Blackwell's sexual abuse, Plaintiff has been diagnosed with post-traumatic stress disorder and acute stress disorder and suffers from severe emotional distress, nightmares, sleepwalking, and anxiety

requiring medication and ongoing medical treatment. Plaintiff has struggled to maintain relationships and employment as a direct result of Defendant's actions.

**Defendant Blackwell Sexually Abused Multiple Victims**

60. On information and belief, prior to sexually abusing Plaintiff, Defendant Officer Blackwell sexually abused at least 18 other individuals while serving as a police officer.

61. Based on a criminal indictment filed against Defendant Blackwell, Defendant Blackwell sexually abused his first known victim while serving as a police officer on November 8, 2022.

62. Based on this criminal indictment, Defendant Blackwell sexually abused his second known victim while serving as a police officer on November 22, 2022. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

63. Based on this criminal indictment, Defendant Blackwell sexually abused his third known victim while serving as a police officer on November 26, 2022. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

64. Based on this criminal indictment, Defendant Blackwell sexually abused his fourth known victim while serving as a police officer on December 21, 2022.

65. Based on this criminal indictment, Defendant Blackwell sexually abused his fifth known victim while serving as a police officer on March 20, 2023. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

66. Based on this criminal indictment, Defendant Blackwell sexually abused his sixth known victim while serving as a police officer on March 27, 2023.

67. Based on this criminal indictment, Defendant Blackwell, in relation to a seventh known victim, turned off his body-worn camera and falsified a police report on April 10, 2023.

68. Based on this criminal indictment, Defendant Blackwell sexually abused his eighth known victim while serving as a police officer on April 15, 2023. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

69. Based on this criminal indictment, Defendant Blackwell sexually abused his ninth known victim while serving as a police officer on April 19, 2023. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

70. Based on this criminal indictment, Defendant Blackwell sexually abused his tenth known victim while serving as a police officer on April 25, 2023. During that incident, Defendant kidnapped his victim, turned off his

body-worn camera, and falsified a police report.

71. Based on this criminal indictment, Defendant Blackwell sexually abused his eleventh known victim while serving as a police officer on April 26, 2023. During that incident, Defendant kidnapped his victim.

72. Based on this criminal indictment, Defendant Blackwell sexually abused his twelfth known victim while serving as a police officer on April 27, 2023. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

73. Based on this criminal indictment, Defendant Blackwell sexually abused his thirteenth known victim while serving as a police officer on May 14, 2023. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

74. Based on this criminal indictment, Defendant Blackwell sexually abused his fourteenth known victim while serving as a police officer on May 16, 2023. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

75. Based on this criminal indictment, Defendant Blackwell sexually abused his fifteenth known victim while serving as a police officer on May 30, 2023. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report.

76. Based on this criminal indictment, Defendant Blackwell sexually

abused his sixteenth known victim while serving as a police officer on May 30, 2023. During that incident, Defendant turned off his body-worn camera and falsified a police report.

77. Based on this criminal indictment, Defendant Blackwell sexually abused his seventeenth known victim while serving as a police officer on June 3, 2023. During that incident, Defendant kidnapped his victim, turned off his body-worn camera, and falsified a police report. Defendant would commit these same acts against Plaintiff later that same day.

78. Plaintiff was Defendant Blackwell's eighteenth known victim.

79. Defendant Officer Blackwell was indicted in connection with the sexual abuse of 19 victims between November 8, 2022, and June 5, 2023, and altering the records of another arrest. He was charged with 19 counts of deprivation of rights under color of law and 17 counts of altering records in a federal investigation.

80. On August 10, 2026, Defendant Blackwell entered a plea of guilty to Counts 1, 2, 4, 7, 9, 11, 13, 15, 17, 18, 20, 22, 24, 26, 28, 30, 32, and 34 of the most recent superseding criminal indictment in the United States District Court for the Eastern District of Missouri. *USA v. Blackwell*, 4:23-cr-00505-MAL-1, Doc. 171, Aug. 10, 2026. Defendant Blackwell pled guilty to using his authority under state law as a law enforcement officer to abuse his victims and violate their civil rights. *Id.*, Doc. 172.

81. During almost all of those incidents, including when he sexually abused Plaintiff, Defendant Blackwell would deactivate his department-issued body-worn camera.

82. For the first known incident, which took place on November 8, 2022, Defendant Blackwell recorded himself sexually abusing his detained victim on his department-issued body-worn camera.

83. The video recording from the first known incident was saved in the North County Police Cooperative's storage system and was readily available for review for employees of the North County Police Cooperative, including Defendants Buchanan and Unknown Supervisor.

84. Defendants Buchanan and Unknown Supervisor failed to review the recordings and the lack of many recordings from Defendant Blackwell's body-worn camera.

85. During those incidents, including when he sexually abused Plaintiff, Defendant Blackwell would transport his victims to secluded areas, requiring him to drive a greater distance than was necessary to transport detainees to a police station.

86. Defendants Buchanan and Unknown Supervisor failed to review the mileage records from Defendant Blackwell's police vehicle.

87. During many of those incidents, including when he sexually abused Plaintiff, Defendant Blackwell would file false and fraudulent police

reports, including assertions that he kept his body-worn camera on during the entire interaction with his victims.

88. Defendants Buchanan and Unknown Supervisor failed to review Defendant Blackwell's police reports.

89. Defendants Buchanan and Unknown Supervisor failed to review the obvious discrepancies between Defendant Blackwell's police reports and his body-worn camera recordings.

90. For at least 15 of those incidents, including at least 12 times prior to the one involving Plaintiff, Defendant Blackwell would transport his victim to St. Ann for booking, processing, and no jailing, and Defendant Blackwell would then transport his victim from St. Ann.

91. Defendants Buchanan and Unknown Supervisor failed to review incidents, including Plaintiff's, where Defendant Blackwell would transport his victim to St. Ann for booking and then immediately transport that victim back home.

92. Defendants Buchanan and Unknown Supervisor failed to conduct these reviews at least 17 other times over a period of seven months before Defendant Blackwell sexually assaulted Plaintiff.

93. Had Defendants Buchanan and Unknown Supervisor conducted even a cursory review of Defendant Blackwell's activities as a police officer under their supervision, they would have discovered numerous instances of

wrongdoing by Defendant Blackwell and his serial sexual abuses of detainees prior to Defendant Blackwell violating Plaintiff's civil rights.

94. Defendants Buchanan and Unknown Supervisor purposely did not conduct a review of Defendant Blackwell's reports, camera footage, mileage, and practices as a police officer due to a staff shortage of police officers and the possibility that such a review would lead to the termination of Defendant Blackwell and exacerbate the North County Police Cooperative's staff shortage.

95. On several occasions prior to and after Plaintiff's detention and abuse, Defendant Blackwell had detained other victims, arranged to be alone with his victims so he could sexually abuse them, brought his victims to the City of St. Ann jail and to Defendant Unknown Intake Manager, and told Defendant Unknown Intake Manager that he was immediately transporting his detainees back home or to the scene of the arrest.

96. Defendant Blackwell's practice of bringing his victims to the police station and then immediately transporting them home or to the scene of the arrest violated departmental practice and policy, of which Defendants were aware.

97. Defendant Unknown Intake Manager knew that Defendant Blackwell's actions violated normal practice, were highly irregular, should not have been permitted, and should have been immediately reported to other staff

with the St. Ann Police Department and the North County Police Cooperative.

98. Defendant Unknown Intake Manager did not immediately report Defendant Blackwell's actions to other staff with the St. Ann Police Department or the North County Police Cooperative.

99. Defendants Unknown Intake Manager, Unknown Supervisor, and Buchanan knew that Defendant Blackwell was transporting Plaintiff without the support or accompaniment of another officer.

100. Defendant Unknown Intake Manager, Unknown Supervisor, and Buchanan knew that placing a detainee like Plaintiff with a lone police officer like Defendant Blackwell carries with it a substantial risk of harm, including the risk of sexual abuse and violence.

101. Defendant Unknown Intake Manager, Unknown Supervisor, and Buchanan knew that interactions between lone police officers like Defendant Blackwell and individual detainees like Plaintiff required heightened monitoring, reporting, and verification to ensure the safety of the detainee.

102. Defendant Unknown Intake Manager, Unknown Supervisor, and Buchanan knew that Defendant Blackwell bringing Plaintiff to St. Ann for booking without jailing rather than issuing Plaintiff a ticket without transporting Plaintiff to St. Ann was highly irregular, contrary to standard practice and policy, accomplished no appropriate governmental purpose, and provided Defendant Blackwell with opportunities to isolate himself with

Plaintiff while Plaintiff was detained and restrained.

103. Despite this knowledge, Defendant Unknown Intake Manager failed to stop Defendant Blackwell, failed to question Defendant Blackwell, failed to investigate Defendant Blackwell's behavior, and failed to immediately report Defendant Blackwell's behavior to others.

104. On information and belief, Defendant Unknown Intake Manager eventually communicated Defendant Blackwell's suspicious behavior to others with the City of St. Ann and the North County Police Cooperative, but no one took any action to investigate Defendant Blackwell.

**<u>Failure to Investigate Defendant Blackwell Prior to Hiring Him</u>**

105. On information and belief, Defendant Officer Blackwell previously went by the name Willis Green Overstreet III.

106. On information and belief, prior to being hired to be a police officer by the North County Police Cooperative, Defendant Officer Blackwell was previously involved in illegal and fraudulent business activity, including defrauding his employees, an insurance company, and members of the public.

107. On information and belief, Defendant Blackwell's previous incidents of fraudulent activity involved the falsification of required records.

108. Defendant Officer Blackwell continued this pattern of fraudulent activity, including falsification of records, for months working as an officer with the North County Police Cooperative, which allowed him to falsely charge,

harass, and sexually abuse individuals, including Plaintiff, while Defendant was on duty.

109. On information and belief, Defendant Blackwell's past involvement in illegal and fraudulent activity would have been apparent to anyone conducting a background check into Defendant Blackwell at the time of his hiring by the North County Police Cooperative.

110. On information and belief, the North County Police Cooperative failed to properly investigate Defendant Officer Blackwell before hiring him to be a police officer and/or failed to deny Defendant Blackwell employment based on his history of committing fraud.

111. On information and belief, the North County Police Cooperative failed to supervise Defendant Officer Blackwell after he became a police officer, allowing him to detain and sexually abuse individuals without penalty until he had victimized at least 19 people.

112. On information and belief, the North County Police Cooperative's failure to supervise Defendant Blackwell includes, but is not limited to, failing to investigate Defendant Officer Blackwell, failing to assign another officer to work alongside Defendant, failing to review video and audio recordings, failing to ensure video and audio recordings were made of interactions between Defendant and detainees, failing to track Defendant's travel when Defendant was with detainees, failing to review police reports, and failing to otherwise

review Defendant's interactions with detainees.

**<u>Another Officer Abused a Civilian with No Immediate Consequences</u>**

113. On information and belief, on or around November 2, 2022 – six days before Defendant Blackwell sexually abused his first known victim and over half a year before he sexually abused Plaintiff – another police officer with the North County Police Cooperative physically abused a detainee and was permitted to remain employed without repercussion, despite other officers witnessing the activity. *Howard v. Sims*, 25SL-CC03690 (St. Louis County April 3, 2025); *State v. Sims*, 23SL-CR03645-01 (St. Louis County June 28, 2023).

114. In that incident on or around November 2, 2022, the North County Police Cooperative officer travelled outside of his designated patrol area, failed to report his travel to police dispatch, arrived at another person's home, did not activate his body-worn camera, battered a man to the point that the victim had obviously been beaten, unlawfully detained the victim, and placed handcuffs on the man.

115. In that incident on or around November 2, 2022, other North County Police Cooperative officers eventually arrived and witnessed the wrongdoing of the first responding officer.

116. In that incident on or around November 2, 2022, other North County Police Cooperative officers witnessed the first responding officer order

the victim to leave before the victim could be interviewed so that the first responding officer could falsify records related to the incident.

117. Despite the fraudulent, abusive, and illegal behavior of the officer on or around November 2, 2022, the officer was permitted to remain employed as a police officer with the North County Police Cooperative until April 2023, when he again abused the same detainee in a second incident.

118. On information and belief, Defendants Buchanan and Unknown Supervisor were aware of the November 2, 2022, incident.

119. On information and belief, despite their knowledge of the November 2, 2022, incident, Defendants Buchanan and Unknown Supervisor did not change any police policies or practices to prevent officers from physically abusing detainees.

120. On information and belief, despite their knowledge of the November 2, 2022, incident, Defendants Buchanan and Unknown Supervisor did not change any police policies or practices to prevent officers from conducting unauthorized travel while on duty.

121. On information and belief, despite their knowledge of the November 2, 2022, incident, Defendants Buchanan and Unknown Supervisor did not change any police policies or practices to prevent officers from unlawfully detaining individuals.

122. On information and belief, despite their knowledge of the

November 2, 2022, incident, Defendants Buchanan and Unknown Supervisor did not change any police policies or practices to prevent officers from deactivating their body-worn cameras while interacting with members of the public.

123. On information and belief, despite their knowledge of the November 2, 2022, incident, Defendants Buchanan and Unknown Supervisor did not change any police policies or practices to prevent officers from falsifying records.

124. On information and belief, despite their knowledge of the November 2, 2022, incident, Defendants Buchanan and Unknown Supervisor did not change any of their policies or practices to supervise police officers, including reviewing their reports and body-worn camera footage, to prevent future incidents of police misconduct.

125. Although the officer involved in the November 2, 2022, incident was permitted to continue serving as a police officer for five months until he again physically abused the same detainee in a separate incident, the officer was eventually criminally charged with assault and kidnapping.

126. On information and belief, Defendant Blackwell was aware of the November 2, 2022, incident.

**<u>Defendants Created a Culture Permitting Civil Rights Violations</u>**

127. On information and belief, Defendants City of Vinita Park, Chief

Buchanan, and Unknown Supervisor failed to train officers to prevent their coworkers from abusing their authority and sexually abusing detainees.

128. On information and belief, Defendants City of St. Ann and Unknown Intake Manager failed to train officers to prevent arresting officers, including those from other departments like the North County Police Cooperative using the St. Ann jail, from abusing their authority and sexually abusing detainees.

129. On information and belief, Defendants City of Vinita Park, Chief Buchanan, and Unknown Supervisor failed to train employees to appropriately investigate and evaluate police officer candidates so that individuals with histories of wrongdoing would not be given policing authority.

130. On information and belief, Defendants City of Vinita Park, City of St. Ann, Chief Buchanan, and Unknown Supervisor failed to establish policies or procedures to ensure that staff checked on the wellbeing of detainees, reviewed situations in which detainees were left alone with one unsupervised officer, provided detainees with effective manners to report officer wrongdoing, or ensure that detainees were safe from being sexually assaulted and wrongfully detained.

131. On information and belief, Defendants City of Vinita Park, Chief Buchanan, and Unknown Supervisor established a pattern or practice by which officers were not penalized for physically abusing detainees.

132. On information and belief, Defendants City of St. Ann and Unknown Intake Manager established a pattern or practice by which officers were not investigated for suspicious behavior, including situations where the arresting officer would bring in an arrestee alone and the arresting officer would then tell the Intake Manager that the arresting officer was taking the arrestee back home or to the scene of the arrest rather than leaving the arrestee in the jail.

133. At all relevant times to Plaintiff's claims, the North County Police Cooperative was facing a police officer staffing shortage.

134. On information and belief, Defendants City of Vinita Park, Chief Buchanan, and Unknown Supervisor kept the officer involved in the November 2, 2022, incident on the police force due to the police staff shortage.

135. On information and belief, Defendants City of Vinita Park, Chief Buchanan, and Unknown Supervisor failed to monitor police officers, including Defendant Blackwell, for misconduct due to the police staff shortage.

136. On information and belief, Defendants City of Vinita Park, Chief Buchanan, and Unknown Supervisor failed to investigate Defendant Blackwell's body-worn camera footage and lack thereof due to the police staff shortage.

137. On information and belief, Defendants City of Vinita Park, Chief Buchanan, and Unknown Supervisor failed to investigate Defendant

Blackwell's false and fraudulent reports due to the police staff shortage.

138. On information and belief, Defendants City of Vinita Park, Chief Buchanan, and Unknown Supervisor failed to investigate Defendant Blackwell's mileage and travel due to the police staff shortage.

139. On information and belief, Defendants City of Vinita Park, City of St. Ann, Chief Buchanan, Unknown Supervisor, and Unknown Intake Manager failed to investigate Defendant Blackwell's behavior, including Defendant Blackwell bringing arrestees to a police station and immediately returning them home, due to the police staff shortage.

**Sexual and Physical Abuses Were Known Issues in Policing**

140. Sexual offenses, physical abuse, fraudulent reporting, and abuse of authority by law enforcement are well-known issues.

141. In 2011, more than a decade before Defendant Blackwell sexually abused Plaintiff, the International Association of Chiefs of Police published a well-known report entitled, "Addressing Sexual Offenses and Misconduct by Law Enforcement: Executive Guide," https://www.theiacp.org/resources/document/addressing-sexual-offenses-and-misconduct-by-law-enforcement-executive-guide, last accessed Aug. 18, 2025. (Exhibit 1).

142. "[P]eriodic audits of each officer's traffic stops and final call dispositions are essential for identifying problematic patterns." *Id.* at p. 9.

143. "Leaders must be aware of the potential [for sexual misconduct in law enforcement] and willing to implement policy and procedures for monitoring and intervening proactively." *Id.* at p. 6.

144. A 2020 article published in Family & Intimate Partner Violence Quarterly analyzed over 600 cases of law enforcement sexual abuse and recommended "the expanded use of automated vehicle locators (AVL) and body-worn cameras (BWC) that provide increased police monitoring as well as increased officer safety and assistance in reducing liability." (Stinson PM, Taylor RW, Liederbach J, The Situational Context of Police Sexual Violence: Data and Policy Implications, Fam. Intim. Partn. Violence Q. 2020 Spring). (Exhibit 2).

145. A 2016 study funded by the United States Department of Justice identified police sexual abuse as a major area of concern. Philip Matthew Stinson, John Liederbach, Steven P. Lab, Steven L. Brewer, Police Integrity Lost: A Study of Law Enforcement Officers Arrested, Bowling Green State University, pp. 21-23, https://www.ojp.gov/pdffiles1/nij/grants/249850.pdf, last accessed Aug. 18, 2025). (Exhibit 3).

146. The Center for Innovations in Community Safety offers free training to police departments through its Active Bystandership for Law Enforcement (ABLE) program to train law enforcement officers to identify and prevent misconduct by other police officers. About ABLE,

https://www.law.georgetown.edu/cics/able/, last accessed Aug. 18, 2025. (Exhibit 4).

147. Although six departments in the St. Louis Metropolitan Area have undertaken ABLE training, North County Police Cooperative is not one of them. ABLE Agencies, https://www.law.georgetown.edu/cics/able/agencies-initiatives/, last accessed Aug. 18, 2025. (Exhibit 5).

148. Defendant Blackwell was hired to be a police officer with the North County Police Cooperative on or around May 31, 2022.

149. Despite Defendant Blackwell's inexperience as an officer, and the North County Police Cooperative's unfamiliarity with Defendant Blackwell, Defendants Buchanan, Unknown Supervisor, and City of Vinita Park permitted Defendant Blackwell to spend substantial amounts of time with detainees on his own unsupervised, failed to review his police vehicle's mileage, failed to review his body-worn camera footage or the lack thereof, and failed to review his police reports.

150. Defendants Buchanan, Unknown Supervisor, Unknown Intake Manager, City of Vinita Park, and City of St. Ann were or should have been aware that sexual offenses, physical abuse, fraudulent reporting, and abuse of authority by law enforcement officials are studied issues and that it is crucial for police departments to implement and enforce early intervention systems to identify police misconduct.

151. Despite their knowledge, Defendants Buchanan, Unknown Supervisor, Unknown Intake Manager, City of Vinita Park, and City of St. Ann failed to implement early intervention systems to identify police misconduct, including Defendant Officer Blackwell's misconduct.

152. Despite their knowledge that serious police misconduct involving another police officer physically abusing a resident and falsifying records had occurred in November 2022, Defendants Buchanan, Unknown Supervisor, and City of Vinita Park did not dismiss the officer until he had abused his position again in April 2023.

153. Defendants Buchanan, Unknown Supervisor, Unknown Intake Manager, City of Vinita Park, and City of St. Ann knew that police misconduct occurred within the North County Police Cooperative.

154. Defendants Buchanan, Unknown Supervisor, Unknown Intake Manager, City of Vinita Park, and City of St. Ann, despite this knowledge, refused to implement efforts to hold police officers accountable.

155. Defendants Buchanan, Unknown Supervisor, and City of Vinita Park, despite this knowledge, refused to implement efforts to hold police officers accountable to avoid exacerbating a staffing shortage.

156. Defendants Buchanan, Unknown Supervisor, Unknown Intake Manager, City of Vinita Park, and City of St. Ann created a culture of permissive police misconduct prior to Plaintiff being sexually abused.

157. Several police departments in the St. Louis Metropolitan Area and throughout the country had adopted and enforced policies at the time relevant to Plaintiff's claims requiring monitoring of police officer behavior to detect signs of sexual misconduct and physical abuse. *See, e.g.,* International Association of Chiefs of Police, "Sexual Harassment and Misconduct," February 2022, https://www.theiacp.org/sites/default/files/2022-02/Sexual%20Harassment%20Misconduct%2002.2022.pdf, last accessed Aug. 18, 2025. (Exhibit 6).

158. Several police departments in the St. Louis Metropolitan Area and throughout the country had adopted and enforced policies at the time relevant to Plaintiff's claims requiring supervisors to review body-worn camera footage to ensure compliance with departmental rules and identify police officer misconduct, including fraudulent reporting, physical abuse, and sexual misconduct. *See, e.g.,* St. Charles County Police Department Policy and Procedures Manual, "Body-Worn and In-Car Camera Systems," https://public.powerdms.com/STCHAR/tree/documents/858252, last accessed Aug. 18, 2025. (Exhibit 7).

159. Several police departments in the St. Louis Metropolitan Area and throughout the country had adopted and enforced policies at the time relevant to Plaintiff's claims requiring supervisors to review mileage reports or police vehicle tracking data to ensure compliance with departmental rules and

identify police officer misconduct, including fraudulent reporting, physical abuse, and sexual misconduct. *See, e.g.*, St. Louis County Police Department, "Departmental General Order 20-057: Prisoner Security and Accountability," https://www.stlouiscountypolice.com/who-we-are/policies-and-procedures/, last accessed Aug. 18, 2025. (Exhibit 8).

160. Despite a well-established standard in law enforcement to effectively monitor and supervise police officers, Defendants Buchanan, Unknown Supervisor, Unknown Intake Manager, City of Vinita Park, and City of St. Ann failed to meet this standard.

161. Despite a well-established standard in law enforcement to review body-worn camera footage or the lack thereof of police officers, Defendants Buchanan, Unknown Supervisor, and City of Vinita Park failed to meet this standard.

162. Despite a well-established standard in law enforcement to track the travel of police officers while transporting civilians, Defendants Buchanan, Unknown Supervisor, and City of Vinita Park failed to meet this standard.

163. Despite a well-established standard in law enforcement to supervise newly hired police officers, Defendants Buchanan, Unknown Supervisor, and City of Vinita Park failed to meet this standard.

164. Had Defendants Buchanan, Unknown Supervisor, Unknown Intake Manager, City of Vinita Park, and City of St. Ann met these well-

established standards in law enforcement, Plaintiff would have been spared from the harm caused by Defendant Officer Blackwell.

165. Defendants Buchanan, Unknown Supervisor, and City of Vinita Park deliberately failed to meet these standards due to a police officer shortage and the knowledge that, if Defendants were to enforce these standards, they would have to investigate and terminate police officers abusing their authority, further exacerbating the staff shortage.

166. Defendant Buchanan, Unknown Supervisor, and City of Vinita Park had and continue to have an interest in expanding the area serviced by the North County Police Cooperative and generate revenue from municipalities that contract for such services.

167. Defendants City of St. Ann and Unknown Intake Manager had and continue to have an interest in expanding the area serviced by the St. Ann jail and generate revenue from municipalities that contract for such services.

168. Defendants Buchanan, Unknown Supervisor, and City of Vinita Park deliberately failed to meet these law enforcement standards because they knew that doing so would publicly reveal wrongdoing by North County Police Cooperative employees, harm the Cooperative's reputation, and would negatively affect the Cooperative's prospects to provide services to and generate revenue from other municipalities.

169. Defendants City of St. Ann and Unknown Intake Manager

deliberately failed to meet these law enforcement standards because they knew that doing so would jeopardize the City of St. Ann's contract with the North County Police Cooperative to provide jail services.

170. Defendants acted under color of state law.

171. Defendants violated Plaintiff's civil rights.

172. Defendants acted with deliberate indifference to Plaintiff's civil rights.

173. As a result of Defendants' actions and inactions, Plaintiff suffered physical harm.

174. As a result of Defendants' actions and inactions, Plaintiff suffered severe emotional distress.

## COUNT I: VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHT TO BE FREE FROM SEXUAL ASSAULT UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

175. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

176. Count I applies to Defendant Officer Blackwell.

177. While detaining Plaintiff in a police vehicle, Defendant Officer Blackwell forcibly touched Plaintiff's genitals without consent and without a valid purpose.

178. Defendant was directly responsible for the harm caused to Plaintiff.

179. Defendant acted under color of state law.

180. Defendant violated Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

181. Defendant acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

182. Defendant's actions caused Plaintiff physical harm.

183. Defendant's actions caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorneys' fees

and costs, and for such other and further relief as this Court deems just and proper.

**COUNT II: VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM ILLEGAL DETENTION UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

184. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

185. Count II applies to Defendants Officer Blackwell and Unknown Intake Manager.

186. On June 3, 2023, Defendant Officer Blackwell detained Plaintiff.

187. Defendant Blackwell placed Plaintiff in restraints.

188. Defendant Blackwell placed Plaintiff into a police vehicle.

189. Defendant Blackwell began transporting Plaintiff to a police station.

190. During the trip to the police station, Defendant Officer Blackwell transported Plaintiff to a secluded area.

191. Once he reached the secluded area, Defendant Officer Blackwell sexually abused Plaintiff.

192. Defendant Officer Blackwell had no valid purpose to take Plaintiff to the secluded area.

193. Defendant Officer Blackwell had no valid purpose to detain Plaintiff on the way to the secluded area and in the secluded area.

194. Defendant Officer Blackwell had no valid purpose to continue detaining Plaintiff from the secluded area to the police station.

195. Defendant Unknown Intake Manager observed Defendant Officer Blackwell detain Plaintiff at the police station.

196. Defendant Unknown Intake Manager had reason to suspect Defendant Blackwell's behavior because Defendant Blackwell had on multiple occasions brought a detainee to the police station and, despite the accusations against the detainee, then reported to Defendant Unknown Intake Manager that he would transport the detainee back home or to the site of the arrest.

197. Defendant Unknown Intake Manager knew that this behavior was highly irregular and conflicted with department policy and normal practice.

198. Defendant Unknown Intake Manager permitted Defendant Blackwell to continue detaining Plaintiff at the police station and during Plaintiff's transport back to the arrest site.

199. Defendants Blackwell and Unknown Intake Manager were directly responsible for the harm caused to Plaintiff.

200. Defendants Blackwell and Unknown Intake Manager acted under color of state law.

201. Defendants Blackwell and Unknown Intake Manager violated Plaintiff's right to be free from illegal detention under the Fourth and Fourteenth Amendments to the United States Constitution.

202. Additionally, Defendant Blackwell violated Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

203. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

204. Defendants' actions caused Plaintiff physical harm.

205. Defendants' actions caused Plaintiff severe emotion distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT III: FAILURE TO SUPERVISE STAFF TO ENSURE THE SAFETY OF PLAINTIFF AND OTHER DETAINEES UNDER 42 U.S.C. § 1983**

206. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

207. Count III applies to Defendants City of Vinita Park, City of St. Ann, Buchanan, Unknown Supervisor, and Unknown Intake Manager.

208. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor held supervisory responsibilities with respect to the North County Police Cooperative and the individuals hired to be police officers.

209. Defendants City of St. Ann and Unknown Intake Manager held supervisory responsibilities with respect to the staff at the St. Ann jail and the officers from other departments using the jail to detain and process arrestees.

210. Prior to June 3, 2023, Defendants were aware that, absent proper monitoring, police officers with the North County Police Cooperative could abuse their authority and subject civilians to abuses, including the abuses Plaintiff suffered.

211. Defendants failed to properly supervise staff, including Defendant Blackwell, to ensure that detainees would not be sexually violated, physically abused, harassed, or otherwise harmed by police officers.

212. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor failed to appropriately investigate and evaluate Defendant Officer Blackwell prior to his employment based on Defendant Blackwell's history of fraudulent activity, failed to assign another officer to accompany Defendant Blackwell, failed to review video and audio recordings, failed to ensure Defendant Blackwell's interactions with detainees were recorded, failed to track Defendant Blackwell's travel while he was with detainees, failed to review police reports, and failed to otherwise review Defendant Blackwell's interactions with detainees, including Defendant Blackwell's interactions with Plaintiff.

213. Defendants failed to review reports documenting Defendant

Blackwell's suspicious and improper behavior, including reports that Defendant Blackwell had brought detainees to the St. Ann police station and immediately transported them home.

214. Defendant Unknown Intake Manager failed to intervene when witnessing Defendant Blackwell's highly irregular and dangerous behavior in bringing detainees to St. Ann for processing despite them not being jailed and demanding that the detainees be placed in his sole custody.

215. Defendants failed to implement early intervention systems to identify police misconduct, including Defendant Officer Blackwell's misconduct.

216. Defendants failed to adopt an effective system to permit victims of police misconduct to report such misconduct.

217. Defendants acted under color of state law.

218. Defendants failed to use their authority to properly supervise staff, including Defendant Officer Blackwell.

219. Defendants created an environment where police officers could abuse detainees without fear of repercussions.

220. Defendants' failure to provide appropriate supervision caused the violation of Plaintiff's civil rights.

221. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor deliberately failed to provide appropriate supervision because they

knew that doing so would require the termination of police officers committing wrongdoing, and such terminations would exacerbate a police officer shortage at the North County Police Cooperative.

222. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor deliberately failed to provide appropriate supervision because they knew that doing so would publicly reveal wrongdoing by North County Police Cooperative employees, harm the Cooperative's reputation, and would negatively affect the Cooperative's prospects to provide services to and generate revenue from other municipalities.

223. Defendants City of St. Ann and Unknown Intake Manager deliberately failed to provide appropriate supervision because it knew that doing so would jeopardize its contract with the North County Police Cooperative and its prospects with other municipalities.

224. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

225. Defendants caused Plaintiff physical harm.

226. Defendants caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just

and proper.

**COUNT IV: FAILURE TO TRAIN STAFF TO ENSURE THE SAFETY OF PLAINTIFF AND OTHER DETAINEES UNDER 42 U.S.C. § 1983**

227. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

228. Count IV applies to Defendants City of Vinita Park, City of St. Ann, Buchanan, and Unknown Supervisor.

229. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor held training responsibilities with respect to the North County Police Cooperative and the individuals hired to be police officers.

230. Defendant City of St. Ann held training responsibilities with respect to the St. Ann jail and the individuals hired to manage it.

231. Defendants failed to properly train staff to ensure that detainees would not be sexually abused or otherwise harmed by police officers.

232. Defendants failed to properly inform staff how to identify and report abusive conduct by other staff members, failed to direct staff to monitor new staff members, and failed to train staff to accept, investigate, verify, and act upon complaints regarding police officers' abusive conduct.

233. Defendants failed to implement early intervention systems to identify police misconduct, including Defendant Officer Blackwell's misconduct.

234. Defendants failed to adopt an effective system to permit victims of police misconduct to report such misconduct.

235. Prior to June 3, 2023, Defendants were aware that, absent proper monitoring and training, police officers with the North County Police Cooperative could abuse their authority and subject civilians to abuses, including the ones Plaintiff suffered.

236. Prior to June 3, 2023, written reports, the presence and absence of video footage, inconsistent mileage, and behavior related to Defendant Blackwell demonstrated that Defendant Blackwell was violating individual's civil liberties, and this information was observed by multiple employees of the North County Police Cooperative and by employees at the St. Ann jail, including by Defendants Unknown Intake Manager, Unknown Supervisor, and Buchanan.

237. Defendants acted under color of state law.

238. Defendants failed to use their authority to properly train staff.

239. Defendants' failure to train staff members caused the violation of Plaintiff's civil rights.

240. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor deliberately failed to provide appropriate training because they knew that doing so would lead to the termination of police officers committing wrongdoing, and such terminations would exacerbate a police officer shortage

at the North County Police Cooperative.

241. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor deliberately failed to provide appropriate training because they knew that doing so would publicly reveal wrongdoing by North County Police Cooperative employees, harm the Cooperative's reputation, and would negatively affect the Cooperative's prospects to provide services to and generate revenue from other municipalities.

242. Defendant City of St. Ann deliberately failed to provide appropriate training because it knew that doing so would jeopardize its contract with the North County Police Cooperative and its prospects to provide services to other municipalities.

243. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

244. Defendants caused Plaintiff physical harm.

245. Defendants caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT V: FAILURE TO ESTABLISH POLICIES OR OFFICIAL CUSTOMS TO ENSURE THE SAFETY OF PLAINTIFF AND OTHER DETAINEES UNDER 42 U.S.C. § 1983**

246. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

247. Count V applies to Defendants City of Vinita Park, City of St. Ann, Buchanan, and Unknown Supervisor.

248. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor held policymaking responsibilities with respect to the North County Police Cooperative and the individuals hired to be police officers.

249. Defendant City of St. Ann held policymaking responsibilities with respect to the St. Ann jail and the individuals hired to manage it.

250. Defendants failed to establish policies or official customs to ensure that detainees would not be sexually abused or otherwise harmed by police officers.

251. Prior to June 3, 2023, Defendants were aware that, absent proper monitoring, police officers with the North County Police Cooperative could abuse their authority and subject civilians to abuses, including the ones Plaintiff suffered.

252. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor failed to establish policies or official customs to ensure the North County Police Cooperative appropriately investigate and evaluate police officer

candidates, assigned police officers to monitor each other, required and reviewed video and audio recordings of interactions between officers and detainees, tracked travel of officers while with detainees, informed staff how to identify and report abusive conduct by other staff members, reviewed police reports, and trained staff to accept, investigate, verify, and act upon complaints regarding police officers' abusive conduct.

253. Defendants failed to implement early intervention systems to identify police misconduct, including Defendant Officer Blackwell's misconduct.

254. Defendants failed to adopt an effective system to permit victims of police misconduct to report such misconduct.

255. Defendants acted under color of state law.

256. Defendants failed to use their authority to establish proper policies and official customs to prevent the abuse of detainees by police officers.

257. Defendants' failure to establish proper policies and official customs caused the violation of Plaintiff's civil rights.

258. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor deliberately failed to establish proper policies and official customs because they knew that doing so would require the termination of police officers committing wrongdoing, and such terminations would exacerbate a police officer shortage at the North County Police Cooperative.

259. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor deliberately failed to establish proper policies and official customs because they knew that doing so would publicly reveal wrongdoing by North County Police Cooperative employees, harm the Cooperative's reputation, and would negatively affect the Cooperative's prospects to provide services to and generate revenue from other municipalities.

260. Defendant City of St. Ann deliberately failed to establish proper policies and official customs because it knew that doing so would jeopardize its contract with the North County Police Cooperative and its prospects to provide services to other municipalities.

261. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

262. Defendants caused Plaintiff physical harm.

263. Defendants caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT VI: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY DETAINEES ARE NOT PROTECTED FROM HARM UNDER 42 U.S.C. § 1983**

264. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

265. Count VI applies to Defendants City of Vinita Park, City of St. Ann, Buchanan, Unknown Supervisor, and Unknown Intake Manager.

266. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor held supervisory, training, policymaking, and other management responsibilities with respect to the North County Police Cooperative and the individuals hired to be police officers.

267. Defendants City of St. Ann and Unknown Intake Manager held supervisory, training, policymaking, and other management responsibilities with respect to the St. Ann jail and the individuals hired to manage it.

268. Prior to June 3, 2023, Defendants were aware that, absent proper monitoring, police officers with the North County Police Cooperative could abuse their authority and subject civilians to abuses, including the ones Plaintiff suffered.

269. Defendants failed to discipline officers who abused detainees.

270. Defendants created an environment whereby police officers could abuse detainees without penalty.

271. Defendants established a pattern or practice whereby detainees

would be subjected to abuse by police officers.

272. Defendants failed to implement early intervention systems to identify police misconduct, including Defendant Officer Blackwell's misconduct.

273. Defendants failed to adopt an effective system to permit victims of police misconduct to report such misconduct.

274. Defendants acted under color of state law.

275. Defendants' establishment of a pattern or practice whereby detainees would be subjected to abuse caused the violation of Plaintiff's civil rights.

276. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor deliberately established a pattern or practice whereby detainees would be subjected to abuse because they knew that doing otherwise would require the termination of police officers committing wrongdoing, and such terminations would exacerbate a police officer shortage at the North County Police Cooperative.

277. Defendants City of Vinita Park, Buchanan, and Unknown Supervisor deliberately established a pattern or practice whereby detainees would be subjected to abuse because they knew that doing otherwise would publicly reveal wrongdoing by North County Police Cooperative employees, harm the Cooperative's reputation, and would negatively affect the

Cooperative's prospects to provide services to and generate revenue from other municipalities.

278. Defendants City of St. Ann and Unknown Intake Manager deliberately established a pattern or practice whereby detainees would be subjected to abuse because they knew that doing otherwise would jeopardize its contract with the North County Police Cooperative and its prospects to provide services to other municipalities.

279. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

280. Defendants caused Plaintiff physical harm.

281. Defendants caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## **COUNT VII: FALSE IMPRISONMENT UNDER MISSOURI STATE LAW**

282. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

283. Count VII applies to Defendants Officer Marcellis Blackwell and

Unknown Intake Manager.

284. On or around June 3, 2023, Defendant Blackwell arrested Plaintiff during a routine traffic stop.

285. Defendant Blackwell transported Plaintiff to a secluded area and held Plaintiff at the secluded area without a proper governmental purpose in order to sexually abuse Plaintiff.

286. Defendant Blackwell knew that he was illegally detaining Plaintiff when he transported Plaintiff to a secluded area after the arrest.

287. Defendant Unknown Intake Manager witnessed Defendant Blackwell's highly irregular and dangerous behavior because Defendant Blackwell, on multiple occasions including prior to Plaintiff's detention, had brought detainees to the St. Ann jail for processing, and Defendant Unknown Intake Manager would immediately release them back to Defendant Blackwell's sole custody.

288. Defendant Unknown Intake Manager permitted Defendant Blackwell to continue detaining Plaintiff after the stop at the St. Ann police station.

289. Defendants Blackwell and Unknown Intake Manager intended to illegally detain Plaintiff.

290. Plaintiff was aware of his confinement.

291. Defendants confined Plaintiff against Plaintiff's will.

292. Defendants used their official positions to detain Plaintiff.

293. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others.

294. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

295. Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT VIII: BATTERY UNDER MISSOURI STATE LAW**

296. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

297. Count VIII applies to Defendant Officer Marcellis Blackwell.

298. On or around June 3, 2023, Defendant arrested Plaintiff during a routine traffic stop.

299. In conducting the arrest, Defendant transported Plaintiff to a secluded area to sexually abuse Plaintiff.

300. Defendant intentionally touched and fondled Plaintiff's genitals without Plaintiff's consent.

301. Defendant had no valid governmental purpose to touch and fondle Plaintiff's genitals.

302. Defendant's touching and fondling of Plaintiff's genitals is a contact that would be offensive to a reasonable person.

303. Defendant used his official position to batter Plaintiff.

304. Defendant's conduct was outrageous because of his evil motive or reckless indifference to the rights of others.

305. Defendant caused Plaintiff physical harm.

306. Defendant also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT IX: ASSAULT UNDER MISSOURI STATE LAW**

307. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

308. Count IX applies to Defendant Officer Marcellis Blackwell.

309. On or around June 3, 2023, Defendant arrested Plaintiff during a routine traffic stop.

310. In conducting the arrest, Defendant transported Plaintiff to a

secluded area to sexually abuse Plaintiff.

311. Defendant intended to cause Plaintiff bodily harm and/or put Plaintiff in apprehension of bodily harm when Defendant took Plaintiff to a secluded area, maintained Plaintiff in restraints, recorded video on Defendant's phone, took off Plaintiff's clothing, and fondled Plaintiff's genitals without Plaintiff's consent and without valid governmental purpose.

312. Defendant's actions would be offensive to a reasonable person.

313. Defendant used his official position to assault Plaintiff.

314. Defendant's conduct was outrageous because of his evil motive or reckless indifference to the rights of others.

315. Defendant caused Plaintiff physical harm.

316. Defendant also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT X: INVASION OF PRIVACY/INTRUSION UPON SECLUSION UNDER MISSOURI STATE LAW

317. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

318. Count X applies to Defendant Officer Marcellis Blackwell.

319. On or around June 3, 2023, Defendant arrested Plaintiff during a routine traffic stop.

320. In conducting the arrest, Defendant transported Plaintiff to a secluded area to sexually abuse Plaintiff.

321. Defendant recorded his sexual abuse of Plaintiff on Defendant's cellphone without Plaintiff's consent and without valid governmental purpose.

322. Defendant shared the recording of his sexual abuse of Plaintiff via the internet to a cloud-based file storage system.

323. Plaintiff had a right to privacy with respect to the video recording of his genitals.

324. Defendant's actions are offensive to a reasonable person.

325. Defendant used his official position to violate Plaintiff's right to privacy and seclusion.

326. Defendant's conduct was outrageous because of his evil motive or reckless indifference to the rights of others.

327. Defendant caused Plaintiff physical harm.

328. Defendant also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorneys' fees

and costs, and for such other and further relief as this Court deems just and proper.

**COUNT XI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER MISSOURI STATE LAW**

329. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

330. Count XI applies to Defendant Officer Marcellis Blackwell.

331. Defendant used his authority as a police officer to harass and sexually abuse individuals on multiple occasions prior to arresting Plaintiff on or around June 3, 2023.

332. On or around June 3, 2023, Defendant arrested Plaintiff with the intent to cause Plaintiff severe emotional distress.

333. Defendant transported Plaintiff to a secluded area and held Plaintiff at the secluded area without a proper governmental purpose in order to sexually abuse Plaintiff, and Defendant did sexually abuse Plaintiff, with the intent to cause Plaintiff severe emotional distress.

334. Defendant used his official position to inflict emotional distress on Plaintiff.

335. Defendant's conduct was extreme and outrageous.

336. Defendant caused Plaintiff physical harm.

337. Defendant also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT XII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER MISSOURI STATE LAW

338. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

339. Count XII applies to Defendant Officer Marcellis Blackwell.

340. Defendant used his authority as a police officer to harass and sexually abuse individuals on multiple occasions prior to arresting Plaintiff on or around June 3, 2023.

341. On or around June 3, 2023, Defendant arrested Plaintiff and transported Plaintiff to a secluded area.

342. Defendant held Plaintiff at the secluded area without a proper governmental purpose in order to sexually abuse Plaintiff, and Defendant did sexually abuse Plaintiff.

343. Defendant used his official position to inflict emotional distress on Plaintiff.

344. Defendant's conduct was extreme and outrageous.

345. Defendant had a legal duty to protect Plaintiff from injury.

346. Defendant breached that duty.

347. Defendant caused Plaintiff physical harm.

348. Defendant also caused Plaintiff severe emotional distress.

349. Defendant's actions were the proximate cause of Plaintiff's injuries.

350. Plaintiff's injuries resulting from Defendant's conduct are medically diagnosable and medically significant.

351. Defendant should have realized that that his abuse of Plaintiff involved an unreasonable risk of causing Plaintiff distress.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MO RIGHTS**

/s/ *Elad Gross*
Elad Gross #67125MO
Attorney at Law
PO Box 21621
St. Louis, MO 63109
Phone: (314) 252-8069
Email: Elad@MORights.com

/s/ *Anat Gross*
Anat Gross #74053MO
Attorney at Law
PO Box 21621
St. Louis, MO 63109
Phone: (314) 252-8085
Email: Anat@MORights.com

**MANDEL, MANDEL, MARSH, SUDEKUM, & SANGER**

BY: /S/ PATRICK A. HAMACHER
PATRICK A. HAMACHER, #60210
1010 MARKET STREET, SUITE 850
SAINT LOUIS, MO 63101
(314) 621-1701 (TELEPHONE)
(314) 621-4800 (FACSIMILE)
PATRICK@MANDELMANDEL.COM

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August 2026, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system and sent by first class mail to all parties without counsel.

*/s/Elad Gross*
Elad Gross
Attorney at Law